SISSON v. IRISH

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6696. Decided June 21, 1926

1100. SPECIFIC PERFORMANCE—It is impossible to enforce specific performance of a right that does not exist and which does not appear in tangible or corporeal form.

38. ADOPTION—Where contract provides that child is to be bound strictly as an apprentice even though he is to reside as a member of the family, the primary object of the contract is the apprenticeship and said child cannot claim that he is an heir when no provision in the contract exists which binds the parties to make said child an heir or invests him with the right of a natural born child with respect to property devised by will or coming by way of descent and distribution.

SULLIVAN, J.

George Sisson instituted suit in the Cuyahoga Common Pleas against Fred Irish for the purpose of specifically enforcing a contract. It was claimed that Mr. & Mrs. Porter Sisson, in 1875, entered a contract with the American Female Guardian Society whereby George Sisson was adopted; that the interpretation given such contract is the interpretation the court should give thereto; and that by so doing, it is claimed that the clear intent thereof was to clothe the said George Sisson with all the legal rights relative to descent and distribution of property as a natural born child, or heir of the bodies of Porter W. Sisson and his wife.

Plaintiff in error as a small child was taken into the family by the Sissons and lived with them as a member of the family, such situation existing until after the said child arrived at age. The contract with the Society provided in part:

"and whereas Mr. & Mrs. Porter Sisson have applied to the managers of said Society to put out and place said child with them by adoption and as an apprentice - - - - although the present instrument binds the above named child strictly as an apprentice, it is nevertheless the true intention of the parties of the first part to place and of the parties of the second part to receive said apprentice as an adopted child to reside in the family - - - - to be maintained, clothed, educated and treated - - - - as if he were in fact the child of the party of the second part."

On the back of the contract appears the following:—"And it is further understood that information, verbal or written, respecting the welfare of said apprentice, will be required at least once a year."

The lower court rendered a judgment in favor of Irish and error was proscuted. The Court of Appeals held:

1. From an analysis of the contract it is clear that the primary purpose thereof is that said child should be apprenticed by the American Female Guardian Society to the Sissons, for by its terms, the instrument binds the child "strictly as an apprentice."

2. The writing on the back of the contract corroborates and strengthens the apprenticeship as the primary object of the contract.

3. There is no specific provisions which bind the Sissons to make plaintiff in error an heir, or invest him in any manner, with the rights of a natural born child with respect to property devised by will, or coming by way of descent and distribution.

4. So that with respect to specific performance of the contract, there is no provision contained therein which the court could specifi-

cally enforce because of the silence of the contract thereon, and the inadequacy and ambiguity of its provisions.

5. If the child were legally adopted, he would not be an apprentice for parents do not apprentice their own children; and the contention that adoption was the intent and purpose of the contract is not tenable because apprenticeship and adoption are not consistent with each other.

6. One who seeks for specific performance must have an equitable interest in the subject matter of a definite nature; and it must be of such definite character that it is ascertainable by description in the contract. There is neither a verbal nor written contract which shows the plaintiff in error to have an equitable or any other title capable of transfer.

Judgment of lower court affirmed.

(Levine, PJ., and Vickery, J., concur.)

Attorneys—Ben. H. Davis for Sisson; Lieghly, Halle, Haber & Berick for Irish; all of Cleveland.

Note—OS. Pend. opinion will be found in 4 Abs. 664.